# In the United States Court of Federal Claims

No. 19-870C
(Filed: July 1, 2019)
**NOT FOR PUBLICATION**

| | |
|---|---|
| LARBI SEMIANI, | ) |
|     *Pro Se* Plaintiff, | ) *Pro Se*; Lack of Subject Matter Jurisdiction. |
| v. | ) |
| THE UNITED STATES, | ) |
|     Defendant. | ) |

**ORDER OF DISMISSAL FOR LACK OF JURISIDCTION**

Plaintiff Larbi Semiani, proceeding *pro se*, filed the instant complaint against the United States asserting that he has been denied his rights under the First Amendment of the United States Constitution and for obstruction of justice under 18 U.S.C. § 1505 because the plaintiff is an Algerian citizen. Compl. at 2. Although difficult to understand, the plaintiff appears to challenge a United States Consular Officer's decision to not allow the plaintiff to enter the United States to represent himself as a defendant in a divorce proceeding in a California State Court. *Id.* at 2-3. The plaintiff states that he has been suffering for twelve years without relief. *Id.* at 4. The plaintiff admits that he does not know this court's jurisdiction. *Id.* at 4.

7017 1450 0000 1346 1703

Indeed, the plaintiff states in the complaint that this case is related to a prior case in this court which was dismissed for lack of subject matter jurisdiction. Compl. at 3 (citing *Semiani v. United States*, No. 1: 12-cv-598 (Fed. Cl. 2012)). The plaintiff has previously raised similar claims in various other federal courts about an "inability to appear in two Los Angeles County state court cases because he has been denied a visa" before. *See Semiani v. United States*, No. 19-168, 2019 WL 570732, at *1-2 (D. Or. Feb. 11, 2019). "Each [of the plaintiff's suits] have been promptly dismissed on various grounds, including Semiani's lack of standing to assert claims under federal criminal statutes, the sovereign immunity enjoyed by the United States, lack of subject matter jurisdiction to entertain a claim denying a request for an immigration visa, and failure to satisfy the minimum pleading requirements[.]" *Semiani v. United States*, No. 16-1724, 2016 WL 6879574, at *1 (W.D. Pa. Nov. 22, 2016) (citing *Semiani v. United States Fed. Gov't.*, No. 2: 10-cv-6498 (C.D. Cal. 2010); *Semiani v. USA Federal Gov't.*, No. 1: 10-cv-9624 (S.D.N.Y. 2010), *aff'd*, No. 11-1268 (2d Cir. 2011); *Semiani v. U.S. Dept. of States*, No. 2: 12-cv-1726 (C.D. Cal. 2012); *Semiani v. United States*, No. 1: 12-cv-598 (Fed. Cl. 2012); *Semiani v. United States*, No. 1: 13-cv-217 (D.D.C.), *aff'd*, No. 13-5083 (2d Cir. 2013); *Semiani v. United States*, No. 8: 13-cv-205 (D. Neb. 2013); *Semiani v. United States Dept. of State*, No. 1: 13-cv-1180 (D.D.C. 2013); *Semiani v. United States*, No. 1: 14-cv-463 (D.D.C. 2014); *Semiani v. United States*, No. 1: 14-cv-875 (D.D.C. 2014), *aff'd*, 14-5198 (D.C. Cir. 2015); *Semiani v. United States*, No. 1: 15-cv-669 (D.D.C. 2015); *Semiani v. United States*, No. 1: 16-cv-2850 (S.D.N.Y. 2016)).

Once again, the plaintiff's complaint must be dismissed because this court does not have subject matter jurisdiction over any of the plaintiff's constitutional, tort based, or criminal claims under the Tucker Act. *See* 28 U.S.C. § 1491(a)(1).[1] The Tucker Act does not give this court jurisdiction over tort or criminal claims and only constitutional claims based on money mandating sources of law. The plaintiff has failed to identify any money mandating sources of law. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part).[2] Accordingly, under Rule 12(h)(3)[3] of the Rules of the United States Court of Federal Claims ("RCFC"), the plaintiff's complaint is **DISMISSED**.

## CONCLUSION

Because this court does not have subject matter jurisdiction over any of the claims in the plaintiff's complaint, the court **DISMISSES** the plaintiff's complaint pursuant to RCFC 12(h)(3). The clerk is directed to dismiss the plaintiff's complaint.[4] The Clerk is

---

[1] 28 U.S.C. § 1491(a)(1) grants jurisdiction "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort."

[2] Additionally, claims regarding actions that occurred more than six years prior to the filing of the petition are barred by the statute of limitations. *See* 28 U.S.C. § 2501. Because the plaintiff claims he has been suffering for 12 years, plaintiff's claim over actions that occurred 12 years ago are barred by the statute of limitations.

[3] Rule 12(h)(3) provides "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

[4] The plaintiff filed a motion to proceed *in forma pauperis* on June 12, 2019 (Doc. No. 2). The plaintiff's motion is **GRANTED** solely for the purposes of this order.

further directed to accept no other filings by Larbi Semiani without an order from the Chief Judge of the United States Court of Federal Claims. In seeking leave to file any actions in this court in the future, Mr. Semiani must explain how this court would have jurisdiction over any new matters. *See* RCFC 11(b) (barring the filing of unwarranted or frivolous complaints). No costs.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Senior Judge